**Stephen Leo CLARK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 79A05–9304–CR–139.**

Court of Appeals of Indiana, Fifth District.

Oct. 17, 1994.

Steven Knecht, Vonderheide & Knecht, P.C., Lafayette, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

RUCKER, Judge.

In this interlocutory appeal, Defendant–Appellant Stephen Leo Clark challenges the trial court's denial of his motion for discharge. He phrases the issue · as follows: whether the trial court violated Stephen Clark's right to a speedy trial.

We affirm.

The facts reveal that on October 26, 1992, Clark was charged with Auto Theft, a Class D felony.[1] At an initial hearing on October 29, 1992, Clark orally requested a speedy trial pursuant to Crim.R. 4(B)(1).[2] The trial court requested a written motion for a speedy trial, but nonetheless set the trial for January 7, 1993, seventy days from the October 29 oral motion. On January 7, 1993, the trial court continued the trial until May 20, 1993, "[d]ue to congestion of Court's calendar." *Record* at 12. On March 29, 1993, Clark filed his motion for discharge and dismissal of the information alleging that the delay was not due to court congestion and thus dismissal was proper because he was not tried within seventy days. During the hearing on Clark's motion, the court bailiff testified that no jurors were called for service on January 7, 1993, and no jury trial was held that day. Clark's motion for discharge was denied and this interlocutory appeal ensued in due course.

Clark complains that his right to a speedy trial was violated when the trial court contin-ued the trial beyond the seventy-day period mandated by Crim.R. 4(B)(1). Clark acknowledges that a trial may be continued on the court's own motion due to a congested court calendar but argues that he carried his burden of demonstrating that the calendar was not in fact congested.

The State first responds by contending that Clark's oral motion was insufficient to preserve his right to a speedy trial. According to the State a speedy trial motion must be presented to the trial court in writing. In *McGowan v. State* (1992), Ind., 599 N.E.2d 589, our supreme court noted that although Crim.R. 4 does not specify that a speedy trial motion must be in writing, Ind. Trial Rule 7(B) provides in essence and in part that "[u]nless made during a hearing, or trial or otherwise ordered by the court, an application to the court for an order shall be made by written motion." *Id.* at 591. Thus, Defendant McGowan's oral motion would have been sufficient except the trial judge instructed the defendant to make the motion in writing. McGowan's written motion was made after his oral motion and thus for purposes of time computation the later date prevailed. *Id.* at 591 citing *Minneman v. State* (1982), Ind., 441 N.E.2d 673, *cert. denied*, 461 U.S. 933, 103 S.Ct. 2099, 77 L.Ed.2d 307 (when a defendant files a subsequent motion, the time begins to run from the subsequent motion).

██  In this case the State seems to suggest that because the trial court directed Clark to file a written motion for speedy trial which Clark failed to do, then his speedy trial rights were never properly asserted and thus Clark's motion for discharge was premature. We disagree. Unlike *McGowan*, here the

---

1.  Ind.Code § 35–43–4–2.5.

2.  The rule provides:
    If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during seventy (70) calendar days because of the congestion of the court calendar. Provided, how-ever, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.

trial court accepted the defendant's oral motion for speedy trial and scheduled a trial within seventy (70) days of the date on which the oral motion was made. Although the trial court directed Clark to file a written motion, the trial court admirably scheduled a trial without waiting for the written motion. Clark's oral motion was sufficient to preserve his right to a speedy trial.

Turning now to the merits of Clark's complaint, the law is well-settled that a trial court may on its own motion schedule a trial for a date beyond the seventy-day period, when the congested nature of its calendar precludes a trial date within the early trial period. *Gillie v. State* (1984), Ind., 465 N.E.2d 1380, 1386; *Jordan v. State* (1982), Ind., 435 N.E.2d 257, 258; *Gill v. State* (1977), 267 Ind. 160, 164, 368 N.E.2d 1159, 1162. As our supreme court noted in *Loyd v. State* (1980), 272 Ind. 404, 408, 398 N.E.2d 1260, 1265, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105 "[t]he court calendar may be congested by a variety of circumstances ... We hold that any exigent circumstances may warrant a reasonable delay beyond the limitations of Ind.R.Crim.P. 4 ..."

In the case before us Clark infers that because no jury trial was actually held on January 7, 1993, then the court's calendar was not congested. Clearly the law is to the contrary. The court's calendar may be congested for a variety of reasons. Here, the defendant's own exhibit, a summary of the court's calendar for January 7, sets forth nineteen (19) separate matters that were scheduled to proceed on that date. Clark does not contend and the record is silent concerning whether the trial court disposed of those cases on the date in question, whether the matters had been pending as long as Clark's, or whether the matters had lesser speedy trial concerns. In any event, we agree with Judge Barteau's observations in *Bridwell v. State* (Ind.App. 5th Dist., 1994), 640 N.E.2d 437, that "[a]bsent an allegation that the court congestion continuance was merely subterfuge, we accept the court's affirmation of congestion. The exact nature of that congestion is immaterial." 640 N.E.2d at 439 declining to follow *Raber v. State* (1993), Ind.App., 622 N.E.2d 541 (requiring trial court to document the nature of the congestion).

Clark further asserts that even if the trial court's calendar was indeed congested, a 133-day delay was unreasonable. The reasonableness of a delay must be judged in the context of the particular case, and the decision of the trial judge will not be disturbed absent an abuse of discretion. *Loyd,* 398 N.E.2d at 1265. Here, the trial judge continued Clark's case due to a congested calendar and scheduled a trial at the next available date. Clark has shown no abuse and we find none. The motion for discharge was properly denied.

Judgment affirmed.

BARTEAU, J., concurs.

NAJAM, J., dissents with separate opinion.

NAJAM, Judge, dissenting.

I respectfully dissent. In holding that Clark's motion for discharge was properly denied, the majority expressly declines to follow the opinion of this court in *Raber v. State* (1993), Ind.App., 622 N.E.2d 541, and concludes the trial court did not abuse its discretion when it continued Clark's scheduled trial date of January 7, 1993, "[d]ue to congestion of Court's calendar." Record at 12. I believe, as in *Raber,* that the record before us is inadequate to determine whether the trial court abused its discretion.

There are two basic constitutional rights at issue in this case. First, the right to a speedy trial is guaranteed a defendant by the Sixth Amendment to the United States Constitution and by Article 1, Section 12, of the Indiana Constitution. In Indiana, Criminal Rule 4 was adopted to establish "a reasonable time in which an accused must be brought to trial." *State v. Moles* (1975), 166 Ind.App. 632, 646, 337 N.E.2d 543, 552, *trans. denied.* While Criminal Rule 4 does not create the substantive right to a speedy trial, the Rule implements that basic right for all defendants. *Huffman v. State* (1987), Ind., 502 N.E.2d 906, 907. The other constitutional right at issue here is the right of every defendant in Indiana to have meaning-

ful appellate review of his claim. *See* Indiana Constitution, Article 7, Section 6. Accordingly, the question which Clark presents must be given close scrutiny.

A court may, on its own motion, continue a trial date due to a congested court calendar. *Biggs v. State* (1989), Ind.App., 546 N.E.2d 1271, 1276. The reasonableness of that delay must be judged in the context of the circumstances, and the trial court's decision will not be disturbed absent an abuse of discretion. *Id.* In *Raber*, we considered whether the defendant's right to a speedy trial was violated when the court continued Raber's scheduled trial date beyond the one-year time period under Criminal Rule 4(C) because of a "congested calendar." *Raber*, 622 N.E.2d at 545. Because there was "no indication in the record showing how the trial court's calendar was congested," we concluded that the record was inadequate for us to determine whether the trial court abused its discretion when it ordered Raber's trial continued due to court congestion. *Id.* at 547.

In reaching our holding in *Raber*, we stated:

> Because a trial court speaks only through its record, it is necessary for the court to make an adequate record indicating why a defendant's trial cannot be conducted on the date scheduled. *Staples v. State* (1990), Ind.App., 553 N.E.2d 141, 143, *trans. denied.* Here, there is an order stating that a "congested calendar" prevented the trial from taking place on July 1. However, we are unable to determine from the record the factual basis for the court's order denoting congestion. The order is conclusory and devoid of any supporting information. We stress the importance of complete docket entries to justify postponement of jury trials under Criminal Rule 4, as we cannot assume that the trial court acted according to the mandate of the Rule. *See Pillars v. State* (1979), 180 Ind.App. 679, 390 N.E.2d 679, 683, *trans. denied.*

\*    \*    \*    \*    \*    \*

Under our standard of review, it is incumbent upon the trial court to articulate clearly on the record its reasons for postponing the trial. *The finding of conges-*

*tion should be sufficiently specific to assure meaningful appellate review and to assure that use of the congestion exception does not eviscerate the Rule itself.*

*Id.* at 547 (emphases added). Therefore, in *Raber*, we retained jurisdiction and remanded to the trial court with instructions to "make written findings which articulate the factual basis for the court's order ... continuing the scheduled trial date due to a 'congested calendar.'" *Id.*

The majority instead follows *Bridwell v. State* (1994), Ind.App. 640 N.E.2d 437, another Fifth District decision concerning whether a continuance for court congestion violated the defendant's right to a speedy trial. The majority in that case stated, "[w]e decline to follow *Raber* to the extent it requires a trial court to provide documentation of court congestion. Absent an allegation that the court congestion continuance was merely subterfuge, we accept the court's affirmation of congestion. The exact nature of that congestion is immaterial." *Id.*, at 439. Similarly, here, the majority concludes that if the trial court's order denotes "court congestion" and nothing more, the reviewing court should not look behind these magic words but rather must accept the continuance as "reasonable."

I cannot agree with either the majority in *Bridwell* or the majority in the present case that a trial court's notation of court congestion is sufficient in itself without regard to the "exact nature of that congestion." *Id.* Rather, in order to assure meaningful appellate review and that a defendant's constitutional rights were not violated, the trial court should make an adequate record so that we may then properly determine whether the trial court's actions were reasonable. In determining whether the defendant's constitutional right to a speedy trial was violated, it is the nature of the congestion that determines whether the delay is reasonable in the context of the circumstances. The factual basis for the continuance determines whether the trial court has abused its discretion. Here, the record is silent. I believe the majority fails to give meaningful appellate review to Clark's claim that the court calendar was in fact not congested on his sched-

uled trial date. *See Pillars v. State* (1979), 180 Ind.App. 679, 390 N.E.2d 679, 683, *trans. denied* (appellate court unable to assume that trial court acted according to mandate of Rule 4). I agree with Judge Sullivan that it is the trial court's function to protect a defendant's right to a speedy trial and to set forth the nature of the court congestion which dictates a continuance. *Bridwell*, at 438 (Sullivan, J., dissenting).

In its discussion, the majority also cites our supreme court's decision in *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105, for the proposition that "any exigent circumstances may warrant a reasonable delay beyond the limitations of [Criminal Rule 4]."[3] However, after stating that "the reasonableness of such delay must be judged in the context of the particular case," the supreme court in *Loyd* proceeded to consider the "reasons for the continuance" as stated by the trial court in the record. *Id.* at 409, 398 N.E.2d at 1265. Unlike in the present case, the record in *Loyd* clearly showed why the court had twice ordered the defendant's trial continued due to court congestion. Hence, our supreme court has recognized that a determination whether the trial court abused its discretion and, thus, whether the defendant's speedy trial rights were violated, can be made only by an examination of the specific "exigent circumstances" in a particular case. *See id.*

Where here, as in *Raber*, Clark alleges a violation of his constitutional right to a speedy trial and claims he should be discharged because his trial was improperly continued due to court congestion, we must be careful as well to afford Clark his constitutional right to meaningful appellate review. A trial court's decision to postpone a criminal trial should be subject to the same scrutiny on appeal as any other trial court ruling affecting the fundamental rights of the defendant. However, we cannot review that decision when presented with an inadequate record. *See Raber*, 622 N.E.2d at 547 (rule requiring adequate record precludes review

of alleged errors attributed to matters outside the record); *see also Ewing v. State* (1994), Ind., 629 N.E.2d 1238 (denial of defendants' motion for discharge reversed because record inadequate to support denial, as trial court issued no findings and record revealed no factual basis for court's order).

Accordingly, I would retain jurisdiction of this appeal and remand to the trial court with instructions to make written findings which articulate the factual basis for the court's order continuing Clark's scheduled trial date due to a congested court calendar.

---

3. The supreme court specifically noted that the court calendar may be congested by a variety of circumstances, including "the unavailability of essential personnel or physical facilities." *Loyd,* 272 Ind. at 409, 398 N.E.2d at 1265.