**Stephen Leo CLARK, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 79S05–9503–CR–00306.

Supreme Court of Indiana.

Dec. 29, 1995.

Steven Knecht, Vonderheide & Knecht, P.C., Lafayette, for Appellant.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee.

## On Petition To Transfer

DICKSON, Justice.

Indiana Criminal Rule 4 establishes time deadlines by which trials must be held but also authorizes trial courts to exceed the deadlines when required to do so because of court congestion. Today we address the rule's requirements for priority trial scheduling, the steps which must be taken by a defendant claiming a violation of the rule and by the trial court that denies such a claim, and the standard of appellate review of such a denial.

In this interlocutory appeal, the defendant, Stephen Leo Clark, contends that the trial court erroneously denied his Motion for Discharge. The Court of Appeals affirmed the denial. *Clark v. State* (1994), Ind.App., 641 N.E.2d 75, 76.

On October 26, 1992, the defendant was charged with auto theft, a class D felony. At his initial hearing on October 29, 1992, he orally requested a "fast and speedy trial," Record at 50, and the appointment of defense counsel. In accordance with Indiana Criminal Rule 4(B)(1), the trial court set jury trial to begin seventy days later, on January 7, 1993. When that day arrived, however, the trial court entered an order providing, "Due to congestion of Court's calendar, Court orders cause reassigned for pre-trial conference on May 5, 1993, at 8:30 A.M. and for firm trial by jury to commence at 8:30 A.M. on May 20, 1993." Record at 12. On February 11, 1993, the defendant, who had been incarcerated at the Tippecanoe County Jail since October 29, 1992, filed a letter with the court requesting a discharge pursuant to Criminal Rule 4(B). Record at 14–16. Thereafter, on March 29, 1993, the defendant, through his attorney, filed a formal Motion for Discharge, asserting Indiana Criminal Rule 4(B)(1), which provides in pertinent part:

If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.

Ind.Crim.Rule 4(B)(1). The defendant contends that there was in fact no court congestion on January 7, 1994, the date on which his trial was set to begin and on which the court's entry declared "congestion." At the hearing on the Motion for Discharge, the defense presented the testimony of the bailiff in charge of juries for Tippecanoe County. She testified that no jury trial was held in that court on Thursday, January 7, 1993, and that no jurors were even summoned to appear on that date. The calendar of cases scheduled for January 7, 1993, included seventeen criminal jury trials and two eviction hearings. The trial court denied the defendant's Motion for Discharge, noting the court's routine practice of assigning several cases for jury trial on the same date, with noon the previous Friday as the "cut-off" point at which the court assigns the "number one" case to be on the "ready docket" and the other cases are "continued because of congestion." Record at 72. If the case on the ready docket is continued or disposed of on Friday afternoon, no trial is held, because "the congestion would be effective as [of] the Friday noon before the trial setting." *Id.*

In his appeal from the denial of his Motion for Discharge, the defendant contends that

no court congestion existed on January 7, 1993. He acknowledges that a trial may be continued past the seventy-day limit on the court's own motion due to a congested court calendar but argues that he demonstrated that the calendar was not, in fact, congested. Emphasizing that the continuance was not granted until the very day for which his trial was scheduled, the defendant further argues that according to the trial court's announced practice, if court congestion had actually existed, the continuance would have been made at an earlier date, when the "number one" case and "ready docket" were determined.

The State argues that the record reveals congestion of the court calendar, noting that sixteen other criminal jury trials were scheduled for January 7, 1993; that at least fourteen of these were older than the defendant's case; and that no testimony was presented as to whether or not a bench trial may have been conducted on January 7, 1993, or whether a last-minute plea agreement or continuance had occurred on the "ready docket."[1] In affirming the trial court, the Court of Appeals noted conflicting precedent, choosing to follow *Bridwell v. State* (1994), Ind.App., 640 N.E.2d 437, 439 (court declaration of congestion will be accepted absent claim of subterfuge) and declining to follow *Raber v. State* (1993), Ind.App., 622 N.E.2d 541, 547 (trial court must document the nature of the congestion).

Writing for the majority in *Bridwell,* Judge Barteau, a former trial judge, observed: "[I]t is unrealistic to expect a criminal judge to be cognizant of the mathematical and chronological status of each case in relation to all others pending and to schedule them accordingly." *Bridwell,* 640 N.E.2d at 439. Judge Sullivan, also a former trial judge, responded in dissent:

> Nevertheless, someone in a position of responsibility must take such steps as are necessary to assure defendants their speedy trial rights.... The practical difficulties in requiring trial courts to document reasons for trial continuances are minimal at best. When a trial court enters an order continuing a scheduled trial it is not unduly burdensome for that court to add a sentence or two setting forth the nature of the court congestion which dictates the continuance.

*Id.* at 440 (Sullivan, J. dissenting). These differing perspectives are not irreconcilable. Accordingly, our resolution today seeks to accommodate both concerns.

■■■ The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. This "fundamental principle of constitutional law," *Castle v. State* (1957), 237 Ind. 83, 85, 143 N.E.2d 570, 572, has long been zealously guarded by this Court. *See id.* To this end, the provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right. *Huffman v. State* (1987), Ind., 502 N.E.2d 906, 907. While the rule expressly requires that a defendant be discharged if not brought to trial within certain prescribed time limits, the rule and subsequent interpretations have recognized that court congestion and other exigent circumstances may justify a reasonable delay beyond the seventy-day period. *See Loyd v. State* (1980), 272 Ind. 404, 408, 398 N.E.2d 1260, 1265, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. In order to assure that the rule will function as intended with respect to the right to speedy trial, a defendant must be granted a reasonable opportunity to demonstrate violations of the rule and to obtain the relief provided therein.

■■ Upon an incarcerated defendant's request for a speedy trial, Criminal Rule 4(B) requires particularized priority treatment. The rule is not satisfied merely by scheduling such a case for trial at the next date available for criminal cases or for cases generally. Rather, it must be assigned a meaningful trial date within the time prescribed by the rule, if necessary superseding trial dates previously designated for civil cases and even criminal cases in which Criminal Rule 4 deadlines are not imminent. We recognize, however, that emergencies in either criminal

---

1. The Court of Appeals also addressed the State's claim that the defendant's motion was insufficient because it was not in writing. We summarily affirm the Court of Appeals's resolution of this issue. Ind.Appellate Rule 11(B)(3).

or civil matters may occasionally interfere with this scheme. Similarly, there may be major, complex trials that have long been scheduled or that pose significant extenuating circumstances to litigants and witnesses, which will, on rare occasions, justify application of the court congestion or exigent circumstances exceptions.

Upon appellate review, a trial court's finding of congestion will be presumed valid and need not be contemporaneously explained or documented by the trial court. However, a defendant may challenge that finding, by filing a Motion for Discharge and demonstrating that, at the time the trial court made its decision to postpone trial, the finding of congestion was factually or legally inaccurate. Such proof would be prima facie adequate for discharge, absent further trial court findings explaining the congestion and justifying the continuance. In the appellate review of such a case, the trial court's explanations will be accorded reasonable deference, and a defendant must establish his entitlement to relief by showing that the trial court was clearly erroneous.

In the present case, the defendant presented evidence in support of his Motion for Discharge establishing that, on the day the trial court made the decision to postpone the trial and enter the order finding congestion, no conflicting jury trial was scheduled and no jurors had been summoned. In response, the State attempted to prove the existence of congestion, emphasizing that jury trials in sixteen other criminal cases, most of which had originally been filed before the defendant's case, were scheduled for the same date; but the State did not establish whether any of these trials were themselves entitled to priority setting under Criminal Rule 4. Neither the State nor the trial court established or asserted that any bench trial was in fact conducted or otherwise explained or supported the finding of congestion. We find that the trial court's declaration of congestion was clearly erroneous and that the Motion to Discharge should have been granted.

Notwithstanding the variety of circumstances in which this issue may arise in trial courts, it is essential that trial courts develop and implement trial scheduling systems which comport with the requirements of Criminal Rule 4 and which grant relief when its speedy trial requirements are violated.

Transfer is granted. This case is remanded with instructions to grant the defendant's Motion for Discharge.

SHEPARD, C.J., and SULLIVAN and SELBY, JJ., concur.

DeBRULER, J., dissents for the reasons set forth by Judge Rucker in this case, *Clark v. State* (1994), Ind.App., 641 N.E.2d 75, 77, and Judge Barteau in *Bridwell v. State* (1994), Ind.App., 640 N.E.2d 437, 439.