**STATE of Indiana, Appellant–Defendant,**

v.

**Joshua U. KENT, Appellee–Plaintiff.**

No. 55A01–9711–CR–359.

Court of Appeals of Indiana.

Oct. 27, 1998.

Rehearing Denied Dec. 16, 1998.

Jeffrey A. Modisett, Attorney General, Kimberly MacDonald, Deputy Attorney General, Indianapolis, for Appellant–Defendant.

Steven C. Litz, Monrovia, for Appellee–Plaintiff.

**OPINION**

HOFFMAN, Senior Judge.

Appellant-defendant State of Indiana appeals from the trial court's grant of appellee-defendant Joshua U. Kent's motion to dismiss and discharge the charge against him for child solicitation, a Class D felony. The relevant facts are presented below.

On October 17, 1996, Kent was charged with child molesting, as a Class A felony under IND. CODE § 35–42–4–3 (1996 Supp.). Specifically, the charge alleged that Kent had sexual intercourse with a 13–year-old girl. Kent filed a motion for speedy trial under Ind.Crim. Rule 4(B) on November 18, 1996, and the court set trial for January 23, 1997. On November 25, 1996, Kent filed a notice of challenge to the constitutionality of IND. CODE § 35–42–4–3 and a motion for dismissal, challenging the severity of the Class A felony charge. Thereafter, the State filed a motion to release Kent on his own recognizance. Kent, however, was apparently being held on an unrelated cause. On January 13, 1997, the trial court held a hearing on Kent's motion to dismiss the child molesting charge. The court denied the motion but ordered that Kent be released on his own recognizance.

Thereafter, Kent's original trial date was moved because of a congested calendar. The court further denied Kent's objection to a March trial setting, which Kent alleged was set outside the Crim. R. 4(B) time limits. On March 5, 1997, the State filed a motion to dismiss the charge against Kent without prejudice. The trial court granted the motion.

On March 25, 1997, Kent was charged in the present case with child solicitation, a Class D felony, arising out of the same set of facts. The State did not arrest Kent for this charge, nor did Kent file a new motion for speedy trial. On April 28, 1997, Kent filed a motion to dismiss, claiming that the State was required to try him by January 24, 1997 on this matter, and that because the instant charge involves the same facts that formed the basis for the prior child molesting charge, the State was barred from trying him. On July 7, 1997, the trial court granted Kent's motion to dismiss and discharge. The State now appeals.

██ The State contends that the trial court erred when it dismissed the child solicitation charge against Kent pursuant to Crim. R. 4(B). The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. *Clark v. State,* 659 N.E.2d 548, 551 (Ind.1995). This right is carried out by Ind. Criminal Rule 4, which requires that a defendant be discharged if not brought to trial within the time limit prescribed by the rule. *Id.* The rule provides in pertinent part:

(B)(1) **Defendant in Jail—Motion for Early Trial.** If any defendant *held in jail* on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.

Ind.Crim. Rule 4(B)(1) (underline added).

██ On January 13, 1997, the trial court ordered that Kent be released on his own recognizance for the child molesting charge. Although Kent was serving time on an unrelated conviction when the State filed the charge of child solicitation, he was released on April 15, 1997. Kent was not jailed on a pending charge when he filed his motion to dismiss on April 28, 1997, and thus could not make a valid Crim. R. 4(B) motion for discharge. Further, Kent was not arrested on the refiled charge. Only a defendant who is imprisoned on a pending charge may make a Crim. R. 4(B) motion. *Hornaday v. State,* 639 N.E.2d 303, 307, n. 7 (Ind.Ct.App.1994). The fact that Kent may have been in jail for an unrelated conviction has no bearing on the present case because there is no evidence that he was in jail at the time he filed his Crim. R. 4(B) motion. Further, the record of Kent's initial hearing indicates that he was not being held in jail on "an indictment or an affidavit," *see* Crim. R. 4(B); rather, Kent had been sentenced to six months in jail on the unrelated conviction. The trial court erred when it discharged Kent and dismissed the child solicitation charge against him.

Reversed and remanded.

SHARPNACK and DARDEN, JJ., concur.