Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



**FILED**

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRYAN M. TRUITT**
Bertig & Associates, LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT R. ASHCRAFT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 46A03-1109-CR-396 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAPORTE CIRCUIT COURT
The Honorable Thomas J. Alevizos, Judge
Cause No. 46C01-0912-FB-713

**December 28, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Robert Ashcraft ("Ashcraft") was convicted in LaPorte Circuit Court of two counts of Class B felony sexual misconduct with a minor, Class C felony sexual misconduct with a minor, and Class D felony child seduction. The trial court ordered Ashcraft to serve an aggregate, twenty-one-year, executed sentence in the Department of Correction. Ashcraft appeals his conviction and sentence arguing that he was not brought to trial within one year as required by Criminal Rule 4(C) and that his twenty-one-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

**Facts and Procedural History**

Forty-four-year-old Ashcraft was a volleyball coach for LaPorte High School. He also coached travel volleyball squads that were not affiliated with the school system. K.T., born in June 1992, was an avid volleyball player, who played on travel volleyball squads, and on her junior high school and LaPorte High School squads.

In January 2007, K.T., who was fourteen, began playing on a travel squad that Ashcraft coached. During that year, they began to send text messages to each other and speak to each other on the phone. In the spring of 2007, Ashcraft, who was also a family friend, began transporting K.T. to volleyball practice when her mother was too ill to do so. In May 2007, Ashcraft sent K.T. a text message telling her that he loved her.

K.T. began her freshman year at LaPorte High School in August 2007 where Ashcraft also coached the school's junior varsity volleyball team. K.T. gave Ashcraft the combination to her gym locker, and he would leave personal notes and letters inside her

2

locker. Ashcraft told K.T. to destroy the letters, and therefore, she did not keep all of them. Ashcraft also touched K.T. inappropriately in the locker room on the pretext of administering heat treatments to her back.

In 2008, on more than one occasion, Ashcraft kissed K.T., touched her vagina, placed his fingers in her vagina, and K.T. fondled Ashcraft's penis at his request. In May 2008 and June 2008, Ashcraft and K.T. had sexual intercourse. Ashcraft told K.T. not to tell anyone or he would be in trouble. In July 2008, after K.T. had turned sixteen, Ashcraft and K.T. engaged in oral sex and then had sexual intercourse in Ashcraft's truck.

The sexual relationship continued well into 2009. In November 2009, K.T.'s father took her to the police station, and she eventually admitted that she and Ashcraft had sexual intercourse ten to fifteen times. She stated that she was in love with Ashcraft and did not want to end her relationship with him.

On December 17, 2009, Ashcraft was arrested and charged with Class B felony sexual misconduct with a minor, Class C felony sexual misconduct with a minor, and Class D felony child seduction. Ashcraft posted bond on the same day he was arrested. A trial date was set for December 6, 2010. As the trial date approached, Ashcraft's counsel expressed concern to the trial court about length of time the State Laboratory was taking to produce DNA test results from items taken from Ashcraft's truck. Counsel indicated that if they could not proceed to trial on December 6, 2010 because of that delay, he would file a Criminal Rule 4(C) motion to dismiss.

During a hearing on a motion to compel discovery approximately one month before the scheduled trial date, the trial court made a finding of court congestion and

3

continued Ashcraft's trial. Specifically, another pending criminal case with a primary setting had priority over Ashcraft's case and was still scheduled for trial. The defendant in that case was incarcerated and had requested a speedy trial. Ashcraft remained free on bond at the time. The trial court offered Ashcraft a secondary trial date in January 2011 and a primary date in February 2011. After extensive discussion of discovery issues and the court's finding of court congestion, Ashcraft stated that if his trial could not be held on December 6 or 13, 2010, he did not want trial to be scheduled until March 28, 2011.

The trial court issued an order on December 8, 2010, denying Ashcraft's request for a trial date within one year of his December 17, 2009 arrest. The trial court upheld its ruling that court congestion prevented the court from scheduling Ashcraft's anticipated two-week jury trial for December 6, 2010. The trial court also noted that another criminal trial, scheduled for December 13, 2010, was vacated on December 3, 2010, but other matters "outside the Court's control" including the court's holiday closings would make it difficult to set Ashcraft's trial on the December 13, 2010 opening. However, the trial court stated that the December 13, 2010 date was still "open on the Court calendar if the State and Defendant agree to that trial date. The parties should please note that, considering the court schedule, only the jury could be sworn in at that time." Appellant's App. p. 46. The trial court then advised the parties that the substantive portion of trial would not commence until "an agreeable date in January 2011." Id. Ashcraft did not request the December 13, 2010 trial date, and therefore, his trial was scheduled for March 28, 2011, as he had requested at the November hearing.

During a hearing in February, the court offered to move Ashcraft's trial forward one week, but counsel declined. During that hearing, the trial court allowed the State to add an additional count of Class B felony sexual misconduct with a minor.

A pre-trial conference was held on March 23, 2011, five days before the scheduled trial, during which the State moved to amend the Class D felony charge to change the dates the alleged conduct occurred. The trial court allowed the amendment after finding that it did not prejudice Ashcraft. Ashcraft also requested a continuance because he wanted to call two school officials as witnesses. These school officials were also being investigated in connection with this matter for failing to report Ashcraft's conduct. Ashcraft's counsel expressed concern that he would be unable to call them as witnesses due to their Fifth Amendment right against self-incrimination.

Another extensive discussion ensued concerning the Fifth Amendment issue and the amendment to the State's charging information, after which the trial court rescinded its prior ruling on the amendment to the information. The State then indicated that the trial court should grant Ashcraft's motion to continue the trial, and Ashcraft agreed. The trial court then scheduled the trial for June 27, 2011. The State was also allowed to amend the Class D felony charge to change the dates the alleged offense occurred.

Throughout the proceedings, Ashcraft requested continuances arguing that a continuance was necessary to procure as witnesses the school officials also under investigation while also attempting to dismiss the charges pursuant to Criminal Rule 4(C). In addition, Ashcraft filed two motions to continue in June 2011 shortly before trial was scheduled to begin, both of which were denied. Appellant's App. pp. 14-15.

5

Ashcraft's two-week jury trial commenced on June 27, 2011, and Ashcraft was found guilty as charged. A sentencing hearing was held on August 4, 2011. Ashcraft was ordered to serve concurrent terms of thirteen years for each Class B felony sexual misconduct with a minor conviction. He was ordered to serve a consecutive six-year sentence for the Class C felony misconduct with a minor conviction, and he was ordered to serve two years for the Class D felony child seduction conviction to be served consecutive to the sentences on the other three counts. In total, the trial court ordered Ashcraft to serve twenty-one years executed in the Department of Correction. Ashcraft now appeals. Additional facts will be provided as necessary.

## I. Criminal Rule 4(C)

Ashcraft argues that he was not brought to trial within one year from the date of his December 17, 2009 arrest, and therefore, the trial court erred when it denied his motion to dismiss pursuant to Criminal Rule 4(C). The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. Clark v. State, 659 N.E.2d 548, 551 (Ind. 1995). This "fundamental principle of constitutional law" has long been zealously guarded by our courts. Id. To this end, the provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right. Id.

Criminal Rule 4(C) provides in pertinent part:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there

6

was not sufficient time to try him during such period because of congestion of the court calendar. . . . Any defendant so held shall, on motion, be discharged.

The focus of Criminal Rule 4 is not fault; it is to ensure early trials. Carr v. State, 934 N.E.2d 1096, 1100 (Ind. 2010) ("The Rule does not involve assessment or attribution of any fault or accountability on the part of the State, but generally imposes upon the justice system the obligation to bring a defendant to trial within a set time period[.]"). Rule 4(C) places an affirmative duty on the State to bring the defendant to trial, but allows for limited exceptions to that timeframe. Curtis v. State, 948 N.E.2d 1143, 1151 (Ind. 2011). Delays caused by the defendant extend the Rule 4(C) one-year time period and delays for emergency or court congestion do not count toward the one-year period. Id. at 1150.

The State acknowledges that 556 days elapsed between the date Ashcraft was charged and the date of his trial. However, the State contends that court congestion and delays caused by Ashcraft extended the date of his trial by 231 days, and therefore, the State tried Ashcraft in 325 days "well within the bounds of Criminal Rule 4(C)." Appellee's Br. at 15. First, we address the trial court's finding of court congestion on November 8, 2010, which resulted in a continuation of Ashcraft's trial to March 28, 2011.

A trial court's finding of court congestion is presumed to be valid; however, a defendant may overcome this presumption by demonstrating that the finding of congestion was factually or legally inaccurate. Alter v. State, 860 N.E.2d 874, 877 (Ind. Ct. App. 2007). "The trial court's explanations are accorded reasonable deference, and this court will not grant relief unless a defendant establishes that the finding of congestion

7

was clearly erroneous." Wilkins v. State, 901 N.E.2d 535, 537 (Ind. Ct. App. 2009), trans. denied.

Here, the trial court attempted to schedule Ashcraft's trial within one year of the date he was charged and arrested. We cannot conclude that the trial court's finding of court congestion was clearly erroneous under the circumstances presented in this appeal. A criminal defendant, who was incarcerated on pending felony charges and had requested a speedy trial, had a primary trial setting for December 6, 2010. Ultimately, that trial was rescheduled shortly before it was to commence because of a scabies outbreak at the jail, but the trial court could not have known that circumstance would occur when it continued Ashcraft's trial due to court congestion.

Moreover, the trial court was willing to begin Ashcraft's jury trial on December 13, 2010, even though other matters pending on the court's calendar and court closings for holidays would not allow time to complete the anticipated two-week jury trial before the end of the year. Ashcraft chose instead to accept the March 28, 2011 trial date. In fact, Ashcraft declined the court's offer of a primary trial date in February with a secondary trial date in January, instead requesting the March trial date the court eventually set.

It is well settled that "case law governing motions under" Criminal Rule 4 "requires that the movant maintain a position reasonably consistent with the request he has made." See Mickens v. State, 439 N.E.2d 591, 595 (Ind. 1982). Moreover, Ashcraft's refusal to accept the trial court's earliest possible offer of a trial date supports the trial court's finding that Ashcraft's "request is not motivated by speedy trial concerns, but rather is an attempt to exclude evidence." Appellant's App. p. 47. Moreover,

Ashcraft requested and agreed to the March 28, 2011 trial date. For all of these reasons, the delay between November 8, 2010 and March 28, 2011 does not count against the one-year time limit imposed by Criminal Rule 4(C).

However, Ashcraft's trial was then continued from March 28, 2011 to June 27, 2011, and he argues that he was not the cause of this delay. At the pre-trial hearing held on March 23, 2011 (for the March 28, 2011 trial date), Ashcraft requested a continuance due to his concerns that two school officials he intended to call as witnesses would not testify due to their Fifth Amendment right against self incrimination. The trial court denied his motion to continue the trial.

However, a significant discussion then occurred about the State's desire to amend the dates in the charging information for Class D felony child seduction. The court initially determined that if the State was allowed to amend the charging information to allege that the offense occurred between June 21 and June 30, there would be no need to continue the trial. But after further discussion, the trial court continued the trial and allowed the State to amend the dates in the charging information, but only after Ashcraft agreed to the continuance. Specifically, the court ruled: "I'm gonna . . . grant the Defendant's motion for continuance, based on the State's recommendation that I do so as well. Since both parties agree, who am I to stand in the middle of this." Tr. p. 326; see also Tr. p. 323 (wherein the State argued "the appropriate remedy" is to grant the continuance and Ashcraft's counsel stated, "[t]hat is my first choice.").

Ashcraft then objected to the setting of the trial date on Criminal Rule 4(C) grounds, and the trial court offered to rescind its ruling on the motion for a continuance

9

and keep the March 28, 2011 trial date. Tr. p. 328. But Ashcraft did not take the court up on its offer. The trial court stated, "I fashioned a way to have this trial next week and not prejudice your client and nobody liked that," and the court then scheduled Ashcraft's trial for June 27, 2011. Tr. p. 329. Because Ashcraft moved to continue the trial and agreed to the June 27, 2011 trial date, he cannot now complain that he was entitled to have the charges dismissed pursuant to Criminal Rule 4(C) due to the delay that occurred between March 28, 2011 and June 27, 2011.

For all of these reasons, we conclude that the delay between November 8, 2010 and June 27, 2011 was attributable to court congestion and continuances requested by Ashcraft (and/or continuances that he agreed to), and therefore, the trial court did not err in denying Ashcraft's Criminal Rule 4(C) motions to dismiss.

## II. Inappropriate Sentence

Pursuant to Indiana Appellate Rule 7(B) (2009), we may revise a sentence otherwise authorized by statute if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In our review of sentences under this rule, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355 (Ind. Ct. App. 2011), trans. denied. And although we have the power to review and revise sentences, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts

10

and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). Our review under Appellate Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. Finally, it is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Ashcraft was ordered to serve an aggregate twenty-one year sentence executed in the Department of Correction. Specifically, he was ordered to serve concurrent terms of thirteen years for the two Class B felony sexual misconduct with a minor convictions.[1] He was ordered to serve a consecutive six-year sentence for the Class C felony sexual misconduct with a minor conviction.[2] And he was ordered to serve a consecutive two-year sentence for the Class D felony child seduction conviction.[3]

Concerning the nature of the offense and the character of the offender, we acknowledge Ashcraft's lack of criminal history, his service in the United States Military, and his history of gainful employment. However, Ashcraft's argument that his sentence is inappropriate because K.T. was a "willing and enthusiastic participant" is reprehensible in light of the circumstances of this case.

---

[1] "A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years." Ind. Code § 35-50-2-5 (2008)

[2] "A person who commits a Class C felony shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years." Ind. Code § 35-50-2-6 (2008)

[3] "A person who commits a Class D felony shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half (1 ½ ) years." Ind. Code § 35-50-2-7 (2008).

Ashcraft, who was forty-four years old, initiated and encouraged a two-year, sexual relationship with K.T., who was fourteen when the relationship began. Ashcraft was in a position of trust with K.T. as her volleyball coach and family friend, which he violated by pursuing a sexual relationship with her. Ashcraft secured unsupervised contact with K.T. by volunteering to drive her to practice when her mother was unable to do so due to illness. Ashcraft also manipulated K.T. into keeping their relationship a secret from her family and friends, and he initiated the sexual contact and intercourse.

Ashcraft's manipulation extended into K.T.'s daily life because he prohibited her from attending school activities and became angry if K.T. expressed a desire to spend time with friends. K.T. suffers from emotional trauma as a result of Ashcraft's manipulation and criminal acts. She suffers from depression, embarrassment, humiliation and feels she is negatively judged by the community in which she lives. For all of these reasons, we conclude that Ashcraft's aggregate twenty-one year executed sentence is not inappropriate in light of the nature of the offense and the character of the offender.

## Conclusion

The trial court properly denied Ashcraft's Criminal Rule 4(C) motions to dismiss. Ashcraft's aggregate twenty-one year sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

VAIDIK, J., and BARNES, J., concur.

12