**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 10 2014, 9:50 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JACK QUIRK**
Public Defender
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| TONY A. WHITE, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 18A02-1403-CR-170 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Marianne L. Vorhees, Judge
Cause No. 18C01-1309-FC-62

October 10, 2014

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Tony White appeals his convictions for four counts of Dealing in Marijuana,[1] a class C felony. White claims that the trial court erred in scheduling his trial for a date more than seventy days after he moved for a speedy trial pursuant to Indiana Criminal Rule 4(B). Finding that, due to court congestion, the trial court properly scheduled White's trial for a date within a reasonable time after the seventy-day period, we affirm.

## FACTS

On September 6, 2013, the State charged White with four counts of class C felony dealing in marijuana. An initial hearing was held on September 11, 2013, during which the trial court appointed counsel for White. The next day, White filed a pro se motion for speedy trial. The trial court then scheduled a jury trial for November 18, 2013, which would have been sixty-seven days after White's motion was filed.

During a pre-trial conference held on November 6, 2013, the trial court continued White's trial to December 5, 2013, due to court congestion. The trial court noted that another criminal case was also set for November 18, 2013, and that the defendant in that case had been in jail awaiting trial longer than White.

On November 7, 2013, White, through his counsel, moved for a further continuance because counsel would be unavailable on December 5, 2013. The trial court granted this motion and scheduled the trial for January 21, 2014. White filed pro se motions to dismiss on December 20 and 27, 2013, citing his request for a speedy trial. The trial court did not rule on these motions. A two-day jury trial was held on January 21

---

[1] Ind. Code § 35-48-4-10.

and 22, 2014, and White was found guilty. The trial court sentenced White on February 17, 2014. White now appeals.

DISCUSSION AND DECISION

White argues that the trial court erred by failing to hold a trial within seventy days of his motion for speedy trial pursuant to Rule 4(B). This rule provides:

> If any defendant held in jail on indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. . . . Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for a trial within a reasonable time.

White acknowledges that the trial court originally scheduled his trial for a date within seventy days of his motion for speedy trial. Appellant's Br. p. 8. However, the trial was continued two more times, once by order of the trial court and once on White's motion through his counsel.

Initially, we note that "a defendant must maintain a position reasonably consistent with his request for a speedy trial and must object, at the earliest opportunity, to a trial setting that is beyond the seventy-day time period." Foster v. State, 795 N.E.2d 1078, 1086 (Ind. Ct. App. 2003). Further, a defendant waives his claim for discharge when he does not move for discharge or dismissal prior to trial. Hampton v. State, 754 N.E.2d 1037, 1040 (Ind. Ct. App. 2001). Here, White neither objected nor moved to dismiss.

3

Although White did belatedly attempt to file pro se motions to dismiss, these filings do not preserve White's claim because he was represented by counsel at the time. Once counsel is appointed, a defendant speaks through his counsel, and the trial court is not required to respond to his pro se requests or objections. Underwood v. State, 722 N.E.2d 828, 832 (Ind. 2000).

We also note that, to the extent that any delay resulted from the motion by White through his counsel, no violation of Rule 4(B) occurred. Id. (defendant not entitled to discharge under Rule 4(B) where defendant's counsel moved for continuance during seventy-day period). White's argument therefore fails to the extent that it turns on his attorney's request for a continuance.

We now turn to White's argument that the trial court's initial continuance order was improper. Here, the trial court found that another trial, involving a defendant who had been in jail for longer than White, was scheduled for the same day as White's trial. Appellant's App. p. 33. The trial court then continued White's trial from November 18, 2013, to December 5, 2013—moving it fourteen days outside of the seventy-day period.

We presume that a trial court's finding of court congestion is valid. Clark v. State, 659 N.E.2d 548, 552 (Ind. 1995). A defendant may challenge this presumption by filing a motion for discharge and demonstrating that the trial court's finding of congestion was inaccurate. Id. White has not done that here, nor does he argue on appeal that the trial court's finding of congestion was inaccurate.

4

White also fails to show that the delay resulting from the trial court's continuance was unreasonable. White states that "[t]he mere fact that another trial was set on the same day does not close the remainder of the calendar." Appellant's Br. p. 10. But here, the trial court did not "close the remainder of the calendar"; it simply continued his trial to a date fourteen days outside the seventy-day period. Id. This Court has previously found a delay of fourteen days beyond the seventy-day period to be reasonable, Sholar v. State, 626 N.E.2d 547, 549 (Ind. Ct. App. 1993), and White gives us no reason to find otherwise with regard to the delay at issue here. Therefore, we find no violation of Rule 4(B) in this case.

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.