

**FILED**

Jun 09 2017, 8:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Patrick V. Baker
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lawrence Benton Roper, *Appellant-Defendant,* | June 09, 2017 |
| | Court of Appeals Case No. 53A04-1607-CR-1691 |
| v. | Appeal from the Monroe Circuit Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Kenneth G. Todd, Judge |
| | Trial Court Cause No. 53C03-1506-F2-618 |

**May, Judge.**

[1] Lawrence Benton Roper appeals his convictions of two counts of Level 4 felony dealing cocaine[1] and one count each of Level 5 felony dealing cocaine[2] and Level 5 felony dealing a narcotic drug.[3] He argues his convictions should be discharged because the trial court did not comply with his Criminal Rule 4(B) request for a speedy trial. We affirm.

# Facts and Procedural History

[2] On June 25, 2015, the State charged Roper with three counts of Level 4 felony dealing cocaine,[4] and one count each of Level 2 felony dealing cocaine,[5] Level 4 felony possession of a firearm by a serious violent felon,[6] and Level 5 felony dealing a narcotic drug. The State further alleged Roper was a habitual offender.[7] At his initial hearing on June 25, 2015, Roper indicated he thought he "would be [his] best attorney in all this," (Tr. at 8), and proceeded *pro se*. He also verbally requested a "fast and speedy trial." (*Id*. at 10.) The judge at that hearing stated, "I'll make sure that Judge Todd gives to you notice about the

---

[1] Ind. Code §§ 35-48-4-1(a)(1) & 35-48-4-1(c)(1) (2014).

[2] Ind. Code § 35-48-4-1(a)(1) (2014).

[3] Ind. Code § 35-48-4-1(a)(1) (2014).

[4] The State later amended one of these counts to a charge of Level 5 felony dealing cocaine.

[5] Ind. Code §§ 35-48-4-1(a)(2) & 35-48-4-1(e)(1) (2014).

[6] Ind. Code § 35-47-4-5(c) (2014).

[7] Ind. Code § 35-50-2-8(a) (2014).

fast and speedy trial. . . . [Y]ou need to talk to Judge Todd about that when you see him." (*Id.* at 10, 13.)

[3] At the June 25 hearing, the court set a pretrial conference date for August 27, 2015. Between June 25 and August 27, Roper sent multiple pieces of correspondence to the court regarding statements by another person allegedly involved in the crimes. On August 7, 2015, the State filed a Motion to Set Cause for Jury Trial. The court did not rule on that motion.

[4] On August 27, 2015, the parties appeared in court, but the pre-trial hearing was continued to September 24, 2015.[8] The Chronological Case Summary ("CCS") entry for that hearing reads: "Defendant appears in custody. This cause set for further pretrial on September 24, 2015 at 1:30 p.m. Defendant may hire private counsel." (Appellant's App. Vol. 2 at 4.) That same day, the court entered a Pretrial Order that indicates the State's anticipated witnesses, the State's anticipated exhibits, and the State's plea offer, and orders another "pretrial conference on 9/24/15 at 1:30 p.m." (*Id.* at 41.) The CCS does not indicate the parties filed any pleadings between August 27, 2015, and September 24, 2015.

[5] On September 24, 2015, Roper appeared *pro se* at the pretrial hearing and requested a continuance because he had hired private counsel on September 23.

---

[8] All discussions were off-record on August 27, 2015. However, at later hearings, the parties testified regarding what happened that day.

Roper signed a motion for continuance that contained a waiver of his right to a speedy trial under "Criminal Rule 4." (*Id.* at 42.) The trial court granted Roper's motion for a continuance and set the case for jury trial on November 30, 2015, and a pretrial conference on October 19, 2015.

[6] At the pretrial conference on October 19, the court found Roper indigent, appointed counsel for him, and set the next hearing for November 19. On November 19, Roper moved for a continuance of the trial, and the court reset trial for February 22, 2016. On January 14, 2016, Roper moved for a continuance, and the court reset trial for April 18, 2016. In March and early April, the court dealt with some pre-trial evidentiary issues. Roper's jury trial began on April 18 and ended April 21. The jury found him guilty of four of six charges, and Roper then pled guilty to being a habitual offender and waived his right to be sentenced within thirty days.

[7] On May 31, 2016, Roper filed a motion to discharge his conviction, arguing the trial court had failed to bring him to trial within the time required by Criminal Rule 4(B). The State filed a response to his motion. The court held a hearing as to the motion on the same day as Roper's sentencing[9] and denied Roper's motion for discharge.

---

[9] The court ordered Roper to serve four years for Level 5 felony dealing in cocaine concurrent to eight years for each Level 4 felony dealing in cocaine. The court ordered Roper to serve four years for Level 5 felony dealing in narcotic drug consecutive to those three concurrent sentences. Finally, the court attached the habitual offender enhancement to one of the eight-year sentences for Level 4 felony dealing in cocaine. Thus, Roper's aggregate sentence is 20 years, and the court ordered him to serve that time consecutive to the

# Discussion and Decision

[8] Roper argues the trial court erred when it did not grant his motion for discharge under Indiana Criminal Rule 4(B)(1), which states:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time.

[9] The text of that rule expressly requires a defendant be discharged unless brought to trial within seventy days. However, "the rule and subsequent interpretations have recognized that court congestion and other exigent circumstances may justify a reasonable delay beyond the seventy-day period." *Clark v. State,* 659 N.E.2d 548, 551 (Ind. 1995). "But what the rule does not contemplate, as we have said, is pursuit of a technical means to escape prosecution by, post-hoc,

---

sentences from other cause numbers for which his probation was to be revoked based on the crimes committed under this cause number.

pot-shotting the trial court's calendar." *Austin v. State*, 997 N.E.2d 1027, 1041 (Ind. 2013).

[10] When a defendant has a speedy trial motion pending, he cannot sit idly on his hands:

> A movant for an early trial must maintain a position which is reasonably consistent with the request that he has made. It is incumbent upon defendant to object at the earliest opportunity when his trial date is scheduled beyond the time limits prescribed by Ind. R.Crim. P. 4(B)(1). This requirement is enforced to enable the trial court to reset the trial date within the proper time period. A defendant who permits the court, without objection, to set a trial date outside the 70-day limit is considered to have waived any speedy trial request.

*Hahn v. State*, 67 N.E.3d 1071, 1080 (Ind. Ct. App. 2016) (internal citations and quotations omitted). The same rule applies when a defendant allows the trial court to set "an omnibus date, and by necessary implication, a trial date, beyond the seventy day limit." *Goudy v. State*, 689 N.E.2d 686, 691 (Ind. 1997), *reh'g denied*. If the defendant does not object in such a circumstance, he has waived his earlier speedy trial request. *Id.*

[11] When we review Criminal Rule 4 claims, we review questions of law *de novo*, *Mefford v. State*, 51 N.E.3d 327, 332 (Ind. Ct. App. 2016), and we review factual findings of congestion or emergency for clear error. *Austin*, 997 N.E.2d at 1040. Under this standard, we consider the probative evidence and reasonable inferences supporting the judgment, without reweighing the evidence or

assessing witness credibility, and reverse only if we are left with a firm conviction that a mistake was made. *Id.*

[12] Here, the trial court did not enter written findings on the Motion for Discharge. The CCS indicates simply: "Hearing is held on defendant's Motion For Discharge. Court orders defendant's Motion For Discharge is DENIED." (Appellant's App. Vol. 2 at 11) (italics removed). At the hearing on the Motion for Discharge, the trial court explained:

> The Court would note that Mr. Roper, when he appeared for pretrial conference on August the . . . 27th of 2015, advised the Court that he was attempting to retain private counsel. I note that when he appeared in court on September 24th for pretrial conference, he advised the Court that private counsel had been retained the day before, consistent with his advice to the Court on the 27th that he was attempting to hire private counsel. Would note that Mr. Roper has demonstrated amply his ability to communicate with the Court, lodge objections and make requests of the Court on his own behalf, and that when he appeared in court on August the 27th he did not object to the resetting of the pretrial conference on September the 24th or any setting thereafter. The Defendant's Motion for Discharge is denied.

(Tr. at 43.) The record before us supports the trial court's statements.

[13] Here, Roper requested a speedy trial at his initial hearing, but he made no effort to object or otherwise bring any violation of that speedy trial request to the court's attention until after he was convicted in April 2016. He waffled about whether he was going to retain counsel at his initial hearing, at his bail review hearing, and at the hearing on August 27, 2015. That August 27, 2015, hearing

was mere days before the time limit would expire on Roper's speedy trial request, and yet Roper did not object to the resetting of that hearing to a date past his speedy-trial deadline. Furthermore, at the hearing following the expiration of the seventy-day deadline, Roper signed a written Motion for Continuance that included a waiver of his right to a speedy trial under Criminal Rule 4. Roper's conduct is inconsistent with a desire to have his case tried in a speedy manner, and acted, in conjunction with his other actions, as a waiver of his Criminal Rule 4(b) request.[10] *See Goudy*, 689 N.E.2d at 691 (defendant waived right to speedy trial by failing to object to pre-trial hearing set outside deadline).

# Conclusion

[14] Roper waived his request for a speedy trial by conduct inconsistent with seeking a speedy trial, and we accordingly affirm the trial court's denial of his motion for discharge.

[15] Affirmed.

Bailey, J., and Robb, J., concur.

---

[10] Although we hold Roper's actions waived his right to a speedy trial, we note our concern that the trial court neither addressed the merits of Roper's speedy trial motion when he made it at his initial hearing on June 25, 2015, nor ruled on the State's August 7, 2015, motion to set Roper's case for jury trial. While not dispositive in this case, a more efficient internal system for identifying and addressing motions such as the State's Motion to Set a Trial Date would serve to avoid confusion and ancillary litigation.