George J. Lewis, Lineback & Lewis, Greenfield, for relator.

C. Dean Dobbins, Pros. Atty., 18th Judicial Circuit, Greenfield, for respondent.

STATE of Indiana on the relation of Jerry Frank TURNER, Relator,

v.

The HANCOCK CIRCUIT COURT, the Honorable George B. Davis, Judge, Respondent.

No. 677S470.

Supreme Court of Indiana.

Feb. 8, 1979.

ORIGINAL ACTION

PIVARNIK, Justice.

Relator Turner petitioned this court for an alternative writ of mandate and prohibition following an adverse ruling by Hancock Circuit Judge, George B. Davis, on relator's motion for discharge pursuant to Ind.R.Crim.P. 4(B)(1).

Relator was charged with first-degree burglary in the Hancock Circuit Court on August 15, 1974. A warrant was issued for his arrest at that time but he was not then arrested as his whereabouts were unknown to the Indiana authorities. In March of 1976, the Hancock County Prosecutor discovered that relator was incarcerated in the Montgomery County workhouse in Dayton, Ohio, for charges brought by that state.

On March 18, 1976, the Hancock County Prosecutor sent notice by mail to the Montgomery County Sheriff's Department informing them that Turner was wanted in Indiana relative to the burglary charge. To evidence such fact, he sent a certified copy of the arrest warrant, the probable cause affidavit, a copy of the charging information and waiver of extradition forms.

The day after being informed of the Indiana charge, Turner escaped from the Ohio workhouse. He was re-arrested by the Ohio authorities in May, 1976, and was charged with escape. On May 6, the Hancock prosecutor filed a request with authorities in Montgomery County, Ohio, for temporary custody of Turner. On May 28,

1976, Turner was sentenced to a term of from six months to five years imprisonment in the Ohio State Penitentiary for the crime of escape. On that date, Turner signed a waiver of extradition in Ohio for his return to Indiana to face the burglary charge in Hancock County. The Indiana authorities then filed a detainer with the Ohio prison officials.

On July 16, 1976, Turner sent a handwritten pleading to the clerk of the Hancock Circuit Court in which he stated, among other things, "I would like a trial by jury as soon as possible."

Turner was paroled by the Ohio authorities on February 15, 1977, at which time he was released to Indiana officials who returned him to Hancock County where he was arrested on the first-degree burglary charge on February 17. On February 23, 1977, Turner filed a Motion for Discharge in the Hancock Circuit Court claiming that his pleading filed in July of 1976 amounted to a request for speedy trial under Ind.R.Crim.P. 4(B)(1). The respondent, the Honorable George B. Davis, conducted an evidentiary hearing on this motion on March 28, 1977, and denied the motion on April 2, 1977.

■ It is clear from the above facts that the defendant was not entitled to discharge under Criminal Rule 4(B)(1) as said rule did not apply to his situation. Criminal Rule 4 provides in pertinent part as follows:

(A) *Defendant in jail.* No defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later) . . . . .

(B)(1) *Defendant in jail—Motion for early trial.* If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. . . .

(C) *Defendant discharged.* No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later . . . . .

In July of 1976, when Turner purported to make his demand for early trial, he was serving time in the Ohio Penitentiary following his conviction for escape. At that time, he had not been arrested and was not under the custody and control of the State of Indiana relative to the burglary charge. He, therefore, was not held in jail nor was he under recognizance in Indiana on the charges and warrant issued by the Hancock Circuit Court. *Napiwocki v. State,* (1971) 257 Ind. 32, 272 N.E.2d 865; *Cooley v. State,* (1977) Ind.App., 360 N.E.2d 29. Further, the delay in bringing relator to trial was caused by his own actions in being incarcerated in the Dayton workhouse, of escaping therefrom and of being sentenced to the Ohio Penitentiary for said escape. This delay is clearly chargeable to Turner rather than the state. *Bewley v. State,* (1966) 247 Ind. 652, 654, 220 N.E.2d 612, 613. Thus, the seventy day period provided for in Criminal Rule 4(B)(1) had not expired even assuming such provision were applicable in this case.

We find that the Hancock Circuit Court properly denied relator's Motion for Discharge. Accordingly, the petition for alternative writ of mandate and prohibition is denied.

All Justices concur.