**OPINION ON REHEARING**



FILED

Jan 31 2024, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas P. Keller
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Steve J. Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stevie Bradley,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

January 31, 2024

Court of Appeals Case No.
22A-CR-2317

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause No.
71D02-2109-F1-000020

**Opinion by Judge Felix**
Judge Crone concurs.
Judge Brown dissents with separate opinion.

**Felix, Judge.**

[1] The State has filed a petition for rehearing from our opinion in which we vacated Stevie Bradley's convictions because Bradley was not brought to trial within 70 days pursuant to Indiana Criminal Rule 4(B) (repealed and replaced

Jan. 1, 2024). *See Bradley v. State*, 223 N.E.3d 701 (Ind. Ct. App. 2023). In its petition, the State contends that our holding that a defendant's Criminal Rule ("C.R.") 4(B) early trial request is tolled when a trial court sua sponte initiates competency proceedings for the defendant is erroneous. For the reasons discussed below, the State's assertions are not meritorious. We affirm our prior opinion in all respects.

In its appellee brief, the State argued that the delay caused by the trial court sua sponte initiating competency proceedings was "not chargeable to the State." Appellee's Br. at 12 (citing *Curtis v. State*, 948 N.E.2d 1143, 1150 (Ind. 2011)). In its petition for rehearing, the State argues for the first time that Bradley's C.R. 4(B) early trial request was extinguished. Appellee's Pet. Reh'g at 5–6. The State recognizes that "it did not clearly make this point in its Brief." Appellee's Pet. Reh'g at 5 n.1. "It is axiomatic that an issue not briefed or urged in the original briefs on appeal generally cannot be raised for the first time in a petition for rehearing." *In re Est. of Hurwich*, 109 N.E.3d 416, 417 (Ind. Ct. App. 2018) (quoting *Strong v. Jackson*, 781 N.E.2d 770, 772 (Ind. Ct. App. 2003)). Nonetheless, we will address the State's argument.

Delays and continuances generally extend (i.e., toll, pause, suspend) the 70-day early trial period as set forth in C.R. 4(B)(1) and (F) (repealed and replaced Jan. 1, 2024). For example, any delay caused by a defendant's request for a competency evaluation extends the 70-day early trial period. *See Curtis v. State*, 948 N.E.2d 1143, 1150 (Ind. 2011) (citing *Baldwin v. State*, 274 Ind. 269, 411 N.E.2d 605, 606 (1980)). Likewise, State actions such as dismissing all charges

toll the early-trial clock. *Goudy v. State*, 689 N.E.2d 686, 691 (Ind. 1997) (citing *State ex rel. Turner v. Hancock Cir. Ct.*, 270 Ind. 320, 385 N.E.2d 447, 448 (1979)). However, a defendant's early trial motion may be deemed extinguished or waived if the defendant acts inconsistently therewith, including when a defendant abandons a prior early trial motion, *Finnegan v. State*, 201 N.E.3d 1186, 1192–93 (Ind. Ct. App.) (quoting *Minneman v. State*, 441 N.E.2d 673, 677 (Ind. 1982)) *trans. denied*, 209 N.E.3d 1175 (Ind. 2023), or when a defendant does not object to the trial court setting trial beyond the 70-day early trial period, *Hahn v. State*, 67 N.E.3d 1071, 1080 (Ind. Ct. App. 2016) (citing *Goudy*, 689 N.E.2d at 691).

[4] Here, Bradley did not abandon or otherwise act inconsistently with his early trial motion; in fact, Bradley frequently reminded the trial court of his request. Bradley also did not request a competency evaluation for himself, so the resulting delay is not chargeable to him. *See Curtis*, 948 N.E.2d at 1150 (citing *Baldwin*, 411 N.E.2d at 606). The trial court initiated competency proceedings sua sponte. When a trial court sua sponte orders a competency evaluation for a defendant, the early trial period is tolled and the delay is chargeable to neither the State nor the defendant. *See* Ind. Crim. Rule 4(B)(1), (F) (repealed and replaced Jan. 1, 2024); *Curtis*, 948 N.E.2d at 1150 (citing *Baldwin*, 411 N.E.2d at 606).[1] Once the competency evaluation is complete and the 70-day early trial

---

[1] In its petition for rehearing, the State argues that it "did not do anything to delay [Bradley's] trial." Appellee's Pet. Reh'g at 9. We are not casting blame, and as our Supreme Court noted in *Curtis v. State*, "the focus of Criminal Rule 4 is not fault; it is to ensure early trials." 948 N.E.2d at 1151.

period resumes, the State must fulfill its affirmative duty to bring the defendant to trial. *See Austin v. State*, 997 N.E.2d 1027, 1037 (Ind. 2013) (citing *Cundiff v. State*, 967 N.E.2d 1026, 1028 (Ind. 2012)).

[5] Regarding its affirmative duty, the State contends that tolling the 70-day early trial period when a trial court sua sponte orders a competency evaluation "creates an incentive for defendants to act out to trigger competency questions to gain a potential windfall under Rule 4(B) and potentially discourage trial courts from addressing competency concerns." Appellee's Pet. Reh'g at 8. In this case specifically, the State asserts that "[t]olling the 70-day period and requiring the State to assemble potential jurors, subpoena witnesses, and otherwise prepare within an eight-day period without warning is functionally impossible." Appellee's Pet. Reh'g at 8.

[6] In making these arguments, the State overlooks the plain language of C.R. 4(B)(1) (repealed and replaced Jan. 1, 2024), that was in effect at all times relevant to this case: If there "was not sufficient time to try [the defendant] during such seventy (70) calendar days because of the congestion of the court calendar . . . the prosecuting attorney shall file a timely motion for continuance as set forth in" C.R. 4(A) (repealed and replaced Jan. 1, 2024). That is, when Bradley's early trial period clock resumed with eight days remaining, the State should have filed a motion to continue the trial if it was "functionally impossible" for the State to bring Bradley to trial within those eight days. The State chose not to do so. Similarly, the trial court could have "take[n] note of congestion or an emergency without the necessity of a motion, and upon so

finding" could have ordered a continuance that would not have been chargeable to the State. *See* Crim. R. 4(B)(1) (repealed and replaced Jan. 1, 2024). The trial court did not do so.[2]

[7] While we grant this petition to address the State's argument, with these comments, we affirm our original opinion.

Crone, J., concurs.

Brown, J., dissents with separate opinion.

---

[2] The State maintains that "the trial court continued Bradley's trial" to May 4, 2022, because of "court congestion" and that Bradley "failed to meet his burden of rebutting the trial court's finding." Appellee's Pet. Reh'g at 10. As explained in more detail in our original opinion, the record simply does not support the State's argument.

**Brown, Judge, dissenting.**

[8] Upon further reflection, I believe this Court should affirm the trial court's judgment. Ind. Criminal Procedure Rule 4(B), prior to January 1, 2024, provided that:

> If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.

[9] As the majority noted in its opinion on rehearing, a defendant's early trial motion may be deemed extinguished or waived if the defendant acts inconsistently therewith, including when a defendant abandons a prior early trial motion. *Finnegan v. State*, 201 N.E.3d 1186, 1192-1193 (Ind. Ct. App. 2023) (citing *Minneman v. State*, 441 N.E.2d 673, 677 (Ind. 1982), *reh'g denied*), *trans. denied*. "The law requires the movant to maintain a position which is reasonably consistent with the request he has made." *Minneman*, 441 N.E.2d at 677.

[10] The record reveals that the circumstances leading to the trial court vacating Bradley's trial on November 29, 2021, and ordering a competency evaluation, resulted from Bradley's actions. At a hearing on March 15, 2022, the court stated that it believed "an adequate record" had been made "that there might be some competency issues." Second Supplemental Transcript Volume II at 5.

On July 19, 2022, the court stated that it vacated Bradley's previous trial over concerns about his competency and the decision had been "based on in-court and remote conduct by Mr. Bradley," "based on a jail e-mail that was received that was filed in this case indicating Mr. Bradley had a psychiatric history and there were some issues with respect to medication," and Bradley "at that point in time, refused to be transported." Supplemental Transcript Volume II at 5. I would conclude that Bradley's actions leading to questions about his competency were inconsistent with his motion for an early trial and that the resulting delay was chargeable to him. I would therefore affirm the trial court.